UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JERIMIAH FRANCO,                                            :
                                                           :
                              Plaintiff,                    :
                                                           :
              -against-                                     :        **SUMMARY ORDER OF REMAND**
                                                           :        **22-cv-6260 (DLI) (RLM)**
MARINA DISTRICT DEVELOPMENT                                 :
COMPANY, LLC d/b/a BORGATA HOTEL                            :
CASINO & SPA and MGM RESORTS                                :
INTERNATIONAL,                                              :
                                                           :
                              Defendant.                    :
-------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

On October 17, 2022, Defendants Marina District Development Company, LLC d/b/a

Borgata Hotel Casino & Spa ("Borgata") and MGM Resorts International ("MGM")(collectively,

"Defendants") removed this action from New York State Supreme Court, Kings County ("state

court") to this Court.  *See*, Notice of Removal ("Notice"), Dkt, Entry No. 1.  For the reasons set

forth below, this case is remanded to the state court, *sua sponte*, for lack of subject matter

jurisdiction.

## BACKGROUND

On September 14, 2022, Jerimiah Franco ("Plaintiff") filed a verified complaint in state

court alleging a negligence claim against Defendants regarding injuries he sustained from a fall at

a hotel in Atlantic City, New Jersey.  Notice, Exhibit A ("Complaint"), ¶¶ 15, 34, 36.  Plaintiff

alleges that he sustained "severe and serious personal injuries to his mind and body" because of

Defendants' negligence.  *Id*. ¶¶ 36, 42.  The summons and complaint were served upon MGM on

or about September 20, 2022 and on Borgata on or about September 21, 2022.  Notice, ¶ 12.

On October 17, 2022, Defendants removed the action to this Court, invoking its diversity

jurisdiction under 28 U.S.C. § 1332.  Notice ¶ 19.  Defendants contend that there is complete

diversity of citizenship between the parties and, "in light of the allegations made by Plaintiff in his

Complaint, the matter in controversy meets or exceeds the jurisdictional limit of $75,000

prescribed by 28 USC §1332(a)."  Notice ¶¶ 14, 16, 18.  Neither the Notice nor the Complaint

contains allegations of fact specifically establishing the amount in controversy.  Plaintiff has not

moved for remand.

## **DISCUSSION**

As a threshold matter in any action based upon diversity, the Court must determine whether

subject matter jurisdiction exists or whether the Court may remand this case to the state court *sua*

*sponte*.

The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject
> matter jurisdiction must be made within 30 days after the filing of the notice of
> removal under section 1446(a).  If at any time before final judgment it appears that
> the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.*  The Second Circuit has construed this statute to authorize a district court, at any time, to

remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction.  *See*, *Mitskovski*

*v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender*

*v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).   The Second Circuit has cautioned

district courts to "construe the removal statute narrowly, resolving any doubts against

removability."  *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

A party seeking to remove a case based on diversity jurisdiction "must aver that all of the

requirements of diversity jurisdiction have been met."  *Brown v. Eli Lilly & Co.*, 654 F.3d 347,

356 (2d Cir. 2011).  Such requirements include establishing that the amount in controversy exceeds

the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a).  *See, Lupo*, 28 F.3d at 273-

74 ("[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court.").

In this case, Defendants fail to meet their burden to show that the jurisdictional amount required for diversity jurisdiction has been satisfied.  When invoking diversity jurisdiction, the removing party must "prov[e] that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)).  Here, the Notice does not include any details as to Plaintiff's injuries or medical care.  Defendants' bald contention that, "in light of the allegations made by Plaintiff in his Complaint, the matter in controversy meets or exceeds the jurisdictional limit of $75,000" is insufficient to establish the amount in controversy.  Notice ¶ 18.

Notably, as the Complaint is silent on damages and lacks information concerning the extent of Plaintiff's injuries, the Court is left to guess the amount in controversy based on the Plaintiff's general allegations that he suffered "severe and serious personal injuries to his mind and body[.]" Compl. ¶ 42.  Such boilerplate pleadings do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction.  *See*, *Noguera v. Bedard*, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (remanding personal injury action where neither the complaint nor the notice of removal "particularize[d] or amplifie[d] in any way the extent of plaintiff's injuries or damages.").

Furthermore, Plaintiff's claim that he "was damaged in an amount which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction" does not

establish the amount in controversy.  Compl. ¶ 43.  The mention of "lower courts" in the Complaint

is a reference to the lower civil courts of New York, which may not entertain actions seeking to

recover more than $25,000.  *See, Woodley v. Mass. Mutual*, 2008 WL 2191767, at *2 (S.D.N.Y.

May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied

solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages in excess of

the "monetary jurisdiction of all lower [c]ourts").

      Based on the information contained in the Complaint and the Notice, the Court finds that

Defendants' allegations are insufficient to establish the jurisdictional threshold amount for

diversity jurisdiction under 28 U.S.C. § 1332(a).  The Court notes that Defendants were not without

recourse to determine the amount of damages Plaintiff seeks.  "[T]he removal clock does not start

to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of

monetary damages sought."  *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

Pursuant to N.Y. C.P.L.R. § 3017(c), a defendant "may at any time request a supplemental demand

setting forth the total damages to which the pleader deems himself entitled."  If the "supplemental

demand is not served within fifteen days, the court, on motion, may order that it be served."  *Id.*

      Rather than prematurely removing the action to this Court, Defendants should have availed

themselves of the appropriate statutory provision, pursuant to which the state court, on motion,

could order Plaintiff to respond to a demand for total damages.  *See, Noguera*, 2011 WL 5117598,

at *2 ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy,

if admitted, would confer federal subject matter jurisdiction, and thus remove the action.  Nor is it

the province of this Court, in the face of its concerns regarding its own jurisdiction, to order

plaintiff to respond when the state court has the power—indeed, the statutory obligation—to

consider so doing.").

As a final note, the Court observes that the only nexus this case has with this district, is Plaintiff's residence in Kings County. All the underlying events giving rise to this action occurred in New Jersey. As such, had there been federal subject matter jurisdiction, the proper venue would have been the District of New Jersey.

Based on the foregoing analysis, the Court finds that Defendants have failed to satisfy the threshold jurisdictional amount and, as such, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332. Thus, remand to state court is proper.

## CONCLUSION

For the reasons set forth above, this case is remanded to New York State Supreme Court, Kings County, under Index 526745/2022, for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
       October 21, 2022

                                                              /s/
                                                    DORA L. IRIZARRY
                                                  United States District Judge